**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PAUL BISHOP**,<br>           *Plaintiff*,<br><br>           v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE**,<br>           *Defendant*. | Case No. 1:19-cv-1836 (TNM) |

**MEMORANDUM OPINION**

Paul Bishop, proceeding *pro se*, brings this employment discrimination suit against the U.S. Department of Agriculture ("USDA") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. The USDA moves for judgment on the pleadings. Def.'s Mot. at 1,[1] ECF No. 18. For the reasons below, the Court will grant the USDA's motion.[2]

**I. BACKGROUND**

Bishop is a black male who applied for the position of Plant Protection and Quarantine Officer with the USDA. *See* Compl. ¶¶ 1(A)-(B), 3, 6, 9, ECF No. 1.[3] He alleges that he was qualified for the position, yet the USDA refused to hire him because of his race and sex in violation of Title VII. *See id*. ¶¶ 1(A)-(C), 7, 8. He demands monetary and punitive damages "to

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

[2] Also before the Court are Bishop's motions to strike the USDA's Answer and to stay proceedings. Pl.'s Mots., ECF No. 21. These motions lack merit and will be denied.

[3] Bishop did not number the paragraphs of his Complaint. The USDA "has grouped the Complaint's allegations into grouped 'blocks' and then added numbers to the left of each blocked text." Def.'s Mot. at 6 n.2; *see id*. Ex. A, ECF No. 18-1. The Court adopts the USDA's paragraph number designations.

1

cover a life time of lost earning from salary, promotion, raises and career opportunities at the GS-11 level lost thorough [sic] the actions of the USDA." *Id.* ¶ 21.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The USDA so moves.

The Court reviews the USDA's motion using "essentially the same [standard] as that for motions to dismiss under Rule 12(b)(6)." *Sanders v. District of Columbia*, 601 F. Supp. 2d 97, 99 (D.D.C. 2009). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires that a complaint raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46.

"The moving party must demonstrate its entitlement to judgment in its favor, even though the court evaluating the 12(c) motion will accept as true the allegations in the opponent's pleadings, and as false all controverted assertions of the movant." *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760–61 (D.C. Cir. 2019) (cleaned up). Further, "[w]hen resolving a Rule 12(c) motion, the court must not rely on facts outside of the pleadings, must construe the complaint in a light most favorable to the plaintiff, and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Brown v. District of Columbia*, 249 F. Supp. 3d 439, 442 (D.D.C. 2017) (cleaned

up).  "Legal conclusions masquerading as factual allegations are not enough to survive a motion to dismiss."  *Id.* (citing *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).

Courts construe a *pro se* litigant's submissions liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In so doing, the Court considers not only the Complaint itself but also a *pro se* litigant's opposition to a dispositive motion.  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (noting the district court's obligation "to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss").  But even judged by this lenient standard, Bishop's Complaint leaves much to be desired.  It is long on legal conclusions and short on factual allegations.

### B. Bishop Fails to State a Prima Facie Discrimination Case

"All personnel actions affecting . . . applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race [or] sex[.]"  42 U.S.C. § 2000e-16(a).  When, as here, a plaintiff does not present direct evidence of discrimination, a Title VII claim typically is analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See, e.g.*, *Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 269–70 (D.D.C. 2018).  A plaintiff first "establishes a *prima facie* case of discrimination by showing that [he]:  1) is a member of a protected class; 2) suffered an adverse employment action; and that 3) the unfavorable action gives rise to an inference of discrimination."  *Nurriddin v. Bolden*, 818 F.3d 751, 758 n.6 (D.C. Cir. 2016).  Once he establishes his prima facie case, the burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its actions, after which the plaintiff has the opportunity to show that the employer's stated reason was pretextual."  *Id.* at 758.

In the USDA's view, Bishop merely "asserts his belief that because he has to date not obtained a position at USDA it must, without more, be because USDA discriminates against black males and/or makes processing mistakes in its hiring practices which therefore must be on account of his race and sex." Def.'s Mot. at 7.  It argues that Bishop's employment discrimination claim fails for two reasons.  First, the Complaint fails to allege "a plausible set of facts to raise an inference of unlawful race or sex discrimination or any other basis from which the [USDA] may be found liable of discrimination under Title VII."  *Id*.  Second, Bishop's "failure to identify the position or positions at USDA for which he applied and was not hired" means that his claim "fails as a matter of law."  *Id*.

The Court does not rely on this second argument.  Bishop identifies two positions for which he applied in May 2018 and was not hired:  the USDA found Bishop not qualified for a GS-11 position and did not select him for a GS-9 position.  *See* Compl. ¶ 22; *see id*. Exs. at 12–13, ECF No. 1-1; Pl.'s Opp'n at 8–9, ECF No. 20.  But even though Bishop identified these positions, his Complaint cannot survive the USDA's Rule 12(c) motion.

"The Court must be mindful . . . that the *McDonnell Douglas* test is an evidentiary standard, not a pleading requirement, . . . and an employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss."  *Hylton v. Watt*, No. 17-cv-2023, 2018 WL 4374923, at *2 (D.D.C. Sept. 13, 2018) (cleaned up).  But the plaintiff still must allege facts that if accepted as true would make the discrimination claims plausible.  *See, e.g.*, *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015).

Bishop has not done this.  He manages only to allege, in conclusory fashion, that he is a member of a protected class who suffered an adverse employment action because of his race.

There are no factual allegations to support these assertions, and without them Bishop's Title VII claim fails.  *See, e.g.*, *Beaulieu v. Barr*, No. 15-cv-896, 2019 WL 5579968, at *4 (D.D.C. Oct. 29, 2019) (dismissing Title VII claim where "[t]he Court is . . . left with no allegations—save for the bare assertion that [plaintiff] was the only Hispanic female assigned to her unit—that allow the Court to infer that Defendants were motivated by discrimination based on [her] national origin or gender when demoting her and reducing her pay"); *Wu Xiaofeng v. Pompeo*, No. 15-cv-1040, 2019 WL 1697868, at *11 (D.D.C. Apr. 17, 2019) (dismissing national origin discrimination claim where complaint "does not allege any facts to link [plaintiff's] failure to receive promotions to her national origin or accent").

### III.  CONCLUSION

The Court finds that Bishop's Complaint fails to allege an employment discrimination claim under Title VII.  For these reasons, the USDA's motion for judgment on the pleadings will be granted.  A separate Order will issue.

Dated:  June 9, 2020                                               TREVOR N. McFADDEN
                                                                   United States District Judge